**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Reginald Stevenson,                                    Civ. No. 08-6058 (JRT/JJK)

        Petitioner,

v.                                                                **REPORT AND**
                                                       **RECOMMENDATION**

Warden Duke Terrell,

        Respondent.

Reginald Stevenson, #26223-039, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, *pro se*.

Ana H. Voss, Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before this Court on the Petition of Reginald Stevenson for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1).  The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Court recommends the Petition be denied.

**INTRODUCTION**

Petitioner is currently designated to the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone").  (Doc. No. 7, Decl. of Angela Buege ("Buege Decl.") ¶ 3, Attach. A.)  Petitioner is serving a 108-month sentence, followed by six years of supervised release, for conspiracy to possess with intent to distribute heroin, cocaine, methylenedioxyamphetamine, and marijuana, in

violation of 21 U.S.C. § 846. (*Id.*) Petitioner has a projected release date of December 6, 2012, pursuant to Good Conduct Time ("GCT") release. (*Id.*)

Petitioner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), alleging that the Bureau of Prisons ("BOP") has miscalculated his sentence. (Doc. No. 1 at 3.) He states that he should be provided credit from February 25, 2004, the date he was federally indicted, until February 2, 2005, the day before he received his federal sentence. (Doc. No. 2, Pet'r's Mem. of Law and Facts ("Pet'r's Mem.") 2.) During this period of time he was serving a state prison sentence which had been imposed by the State of Michigan in 2003. (Doc. No. 8, Decl. of James Hazelton ("Hazelton Decl.") ¶¶ 3-7.) Petitioner contends that the BOP should have, pursuant to 18 U.S.C. § 3585(b)(1), given him credit on his federal sentence for this 345 days of detention before his federal sentencing. (Pet'r's Mem. 3.) As relief, he requests that the Court order the BOP to award him this credit. (*Id.*)

## FACTUAL BACKGROUND

On December 18, 2003, Petitioner was sentenced by the State of Michigan to 46 months to 20 years, with credit for one day, for his conviction for the crime of Receiving and Concealing Stolen Property. (Hazelton Decl. ¶ 3, Attach. A.) Petitioner was committed to the Michigan Department of Corrections ("Michigan DOC"), on December 23, 2003. (*Id.* ¶ 3.) He received credit toward his state sentence through October 16, 2007, the date he was paroled from the State of Michigan. (*Id.* ¶ 3, Attach. A.)

On February 27, 2004, Stevenson was federally indicted in the United States District Court for the Eastern District of Michigan, for conspiracy to possess with intent to distribute heroin, cocaine, ecstasy, and marijuana. (*Id.*) At the time of the indictment, Stevenson was in the primary custody and under the exclusive jurisdiction of the State of Michigan serving his state sentence. (*Id.* ¶ 4, Attach. A.)

On March 8, 2004, Stevenson was temporarily removed from the Michigan DOC by the United States Marshals Service ("USMS") pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Eastern District of Michigan. (*Id.* ¶ 5, Attach. C at 2.) He was returned to the Michigan DOC the same day in satisfaction of the writ. (*Id.* ¶ 5.) On July 28, 2004, Stevenson was again removed from the Michigan DOC pursuant to a federal writ. (*Id.* ¶ 6.) He pled guilty to the indictment on September 9, 2004. (*Id.*) On September 10, 2004, Petitioner was returned to the Michigan DOC. (*Id.*)

On January 31, 2005, Petitioner was again removed from the Michigan DOC for federal sentencing pursuant to a federal writ. (*Id.* ¶ 7, Attach. C at 2.) He was sentenced on February 3, 2005, in the United States District Court for the Eastern District of Michigan, to a term of 108 months. (*Id.* ¶ 7, Attach. D.) The court ordered that his federal term be served concurrently to any undischarged term of his state imprisonment. (*Id.* ¶ 7, Attach. D at 2.) Petitioner was returned to the Michigan DOC on February 7, 2005, in satisfaction of the writ. (*Id.* ¶ 7,

Attach. C at 2.)

On March 9, 2005, the BOP designated the Michigan DOC for Petitioner to serve his federal sentence.  (*Id.* ¶ 8, Attach. E.)  As a result of the designation, Petitioner's federal sentence commenced as of the date his federal sentence was imposed, even though he remained in the custody of the Michigan DOC.  (*Id.* ¶ 8, Attach. F.)  All time served prior to the imposition of Petitioner's federal sentence was applied to his state sentence.  (*Id.* ¶ 8, Attach. A.)

Petitioner appealed the calculation of his sentence through all three levels of the BOP administrative remedy program before commencing this action.  (Buege Decl. ¶ 6, Attach. B.)  Respondent admits that Petitioner has exhausted his administrative remedies and that jurisdiction is proper under 28 U.S.C. § 2241.  (Doc. No. 5, Government's Resp. to pet. for Writ of Habeas corpus Pursuant to 28 U.S.C. § 2241 ("Gov't's Resp.") 7.)[1]

## DISCUSSION

I. **Double Credit**

At the outset, this Court notes its agreement with Respondent that the BOP properly calculated the Petitioner's sentence.  Section 3585(b) of Title 18 to

---

[1] Respondent does object to the fact that the proper respondent is not named.  The Warden at FCI Sandstone, where Petitioner is confined, is the proper Respondent, but Petitioner named the Warden at FMC Rochester in the Petition.  If this Report and Recommendation is not adopted and this action proceeds, we recommend that Warden Duke Terrell, the named Respondent, be dismissed and Petitioner be given an opportunity to replace him with the Warden of FCI Sandstone.

4

the United States Code, which relates to credit for prior custody, provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

In Section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also United States v. Kiefer*, 20 F.3d 874, 875-876 n.1 (8th Cir. 1994) ("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit for time 'that has not been credited against another sentence.'" (quoting *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991))); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir. 1993). Given this language, it is manifest that a petitioner *cannot* be credited for time in custody before his federal sentencing if time has been credited towards another sentence. *See Wilson,* 502 U.S. at 334.

Here, Petitioner received credit against his Michigan sentence for the 345 days (from February 25, 2004 to February 2, 2005) he served before his federal sentencing. Thus, in accordance with Section 3585(b), the Petitioner may not be credited, as to his Federal sentence, with the time that had already been applied

5

toward his State sentence.  *See Kramer*, 12 F.3d at 132 (affirming the BOP's denial of double credit for time credited on a State sentence, and citing *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975), for the proposition that a "federal prisoner [is] not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period").

## II.   Concurrent Sentences

Petitioner argues that because the term of his federal sentence was to be served concurrently to any undischarged term of his state imprisonment he should be given credit on his federal sentence for the 345 days he spent in custody before the federal sentencing and after the federal indictment.  (Pet'r's Mem. 2.)  However, the concurrency of the federal and state sentences commenced after the federal sentence was imposed on February 3, 2005, in the United States District Court for the Eastern District of Michigan.  This is why the federal sentence was imprisonment "for a total term of 108 months to be served concurrently to any undischarged term of incarceration." (Hazelton Decl. ¶ 7, Attach. D at 2.)  The "undischarged term of incarceration" refers to the term of the Michigan sentence which was undischarged as of the date of the commencement of the federal sentence.  The federal sentence did not somehow relate back to the Michigan state sentence so that the federal sentence ran concurrently backwards.  Since Petitioner's federal sentence was imposed on February 3, 2005, the federal sentence could not commence until that date.  "A federal sentence cannot commence prior to the date it is pronounced.

6

Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, *it can only run concurrently with that part of the prior sentence remaining to be served.*" *United States v. McLean*, No. 88-5506. 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (emphasis added); *see also United States v. Flores*, 616 F.2d 840-841 (5th Cir. 1980) (noting that two sentences imposed at different times "could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served").

### III.  Federal Custody

The fact that Petitioner spent some time in federal custody during the 345 days before he was sentenced does not change this result. On each of these occasions he was temporarily removed from the Michigan DOC by the USMS pursuant to a federal writ issued by the United States District Court from the Eastern District of Michigan for matters relating to the federal criminal proceeding and then returned to the Michigan DOC. During this entire period of 345 days, primary jurisdiction over Petitioner remained with the State of Michigan. If, while under the primary jurisdiction of one sovereign, the accused is transferred to the other's jurisdiction to face a charge, "primary jurisdiction is not lost but rather the defendant is considered to be on loan to the other sovereign." *United States v. Cole*, 416 F.3d 894, 896-7 (8th Cir. 2005) (internal quotation marks omitted). Issuance of a writ of habeas corpus *ad prosequendum*, which is used to obtain custody of a defendant so that he can be prosecuted in the proper jurisdiction,

7

does not alter a defendant's custody status, but merely constitutes a temporary change in the location of his custody.  *Munz v. Michael*, 28 F.3d 795, 798 & n.3 (8th Cir. 1994) (citing *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992), and *Black's Law Dictionary* 638 (5th ed. 1979)).  What is most important here is that Petitioner was getting credit towards his Michigan sentence throughout this whole 345-day period, including those days when he was temporarily in federal custody pursuant to a writ.

In conclusion, the § 3585(b) rule against double crediting precludes Petitioner from receiving credit toward his 108 month federal prison sentence for the time he was in custody between the date of federal indictment on February 25, 2004, and federal sentencing on February 3, 2005.  That time was already credited toward Petitioner's state sentence, so it cannot be credited again toward his federal sentence.

## RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition of Reginald Stevenson for a Writ of Habeas Corpus Persons in Federal Custody under Title 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**; and

2. This case be **DISMISSED WITH PREJUDICE**.

Date: March 23, 2009

                                                 *s/ Jeffrey J. Keyes*
                                                 JEFFREY J. KEYES
                                                 United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 6, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.